United States District Court
Southern District of Texas
**ENTERED**
May 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMDL COLLECTIONS, INC., | § |
| | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H-23-4146 |
| | § |
| COAST TO COAST BUSINESS MANAGEMENT, INC., d/b/a TEXAS TOY DISTRIBUTION, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND OPINION**

This is a battle over stuffed animals. The court is fortunately not required to opine on the aesthetic qualities of the toys, or their likely ability to provide comfort to small children. The issue is copyright infringement.

AMDL Collections, Inc. makes and sells stuffed animals, known as plush toys. So does Texas Toy Distribution. AMDL alleges that some of the toys Texas Toy Distribution makes and sells so closely resemble toys sold by AMDL as to infringe AMDL's copyrights. The court dismisses AMDL's complaint, with leave to amend, because AMDL has not alleged the specific aspects of its plush toys that have copyright protection and were improperly copied by Texas Toy Distribution.

**I.  Background**

AMDL Collections, Inc. designs, distributes, and manufactures plush toys under the brand name Adore Plush Company. (Docket Entry No. 1 at ¶¶ 9–10). At issue are four plush animal toys "created and authored" by AMDL that can be purchased "through various channels of trade including retail sales on online marketplaces such as Amazon and wholesale distribution to gift

shops, aquariums, zoos, and elsewhere." (*Id.* at ¶ 11). AMDL alleges that Texas Toy Distribution—which sells plush toys through its website, online wholesale marketplaces, and a brick-and-mortar store in Texas—sells plush toys that are "virtually identical" to the four plush toys created by AMDL. (*Id.* at ¶¶ 34, 39).

### A.    The Bearded Dragons

In 2017, AMDL "created[,] [] authored[,]" and began selling a dragon plush toy named "Pogo the Bearded Dragon." (*Id.* at ¶¶ 12–13).



(*Id.* at ¶ 13).

AMDL alleges that Pogo "is the subject of U.S. Copyright Registration No. VA0002291917." (*Id.* at ¶ 15). As proof of its copyright, AMDL attached to its complaint a screenshot from the online public catalog of the United States Copyright Office reflecting a copyright registration entitled "Bearded Dragon Plush Toy." (*Id.* at 1-1 at 2).

AMDL alleges that, in 2022, Texas Toy Distribution began selling a Pogo "replica" under the name "Bearded Dragon 24" Plush Stuffed Animal." (Docket Entry No. 1 at ¶ 35). It is shown below.



(*Id.*).

### B. The Bees

In 2015, AMDL "created and authored" a bee plush toy named "Buzzy the Honey Bee." (*Id.* at ¶¶ 17–18). AMDL began selling Buzzy in 2016. (*Id.* at ¶ 17).



(*Id.* at ¶ 18).

AMDL alleges that Buzzy "is the subject of U.S. Copyright Registration No. VA0002298646." (*Id.* at ¶ 20). As proof of its copyright, AMDL attached to its complaint a

3

screenshot from the online public catalog of the United States Copyright Office reflecting a copyright registration entitled "Bee Plush Toy." (Docket Entry No. 1-2 at 2).

AMDL alleges that, in 2022, Texas Toy Distribution began selling a Buzzy "replica" by the name ""Bee 14" Plush Stuffed Animal." (*Id.* at ¶ 41).



(*Id.*).

### C.     The Dinosaurs

In 2018, AMDL "created and authored" a dinosaur plush toy named "Moby the Mosasaurus Dinosaur." (*Id.* at ¶ 23). AMDL began selling Moby in 2019. (*Id.* at ¶ 22).



AMDL alleges that Moby "is the subject of U.S. Copyright Registration No. VA0002308149." (*Id.* at ¶ 25). As proof of its copyright, AMDL attached to its complaint a

4

screenshot from the online public catalog of the United States Copyright Office reflecting a copyright registration entitled "Dinosaur Plush Toy." (*Id.* at 1-3 at 2).

AMDL alleges that, in 2022, Texas Toy Distribution began selling a Moby "replica" by the name of "Mosasaur 19.7" Dinosaur Plush Stuffed Animal." (*Id.* at ¶ 47).



D.   **The Gecko Lizards**

In 2018, AMDL "created and authored" a gecko lizard plush toy named "Leo the Leopard Gecko." (*Id.* at ¶¶ 27–28). AMDL began selling Leo in 2019. (*Id.* at ¶ 27).



(*Id.* at ¶ 28).

AMDL alleges that Leo "is the subject of U.S. Copyright Registration No. VA0002302841." (*Id.* at ¶ 30). As proof of its copyright, AMDL attached to its complaint a screenshot from the online public catalog of the United States Copyright Office reflecting a copyright registration entitled "Gecko Plush Toy." (Docket Entry No. 1-4 at 2).

5

AMDL alleges that, in 2022, Texas Toy Distribution began selling a Leo "replica" under the name "Gila Monster 24.5" Plush Stuffed Animal."  (*Id.* at ¶ 53).



(*Id.*).

E.     **AMDL's Infringement Allegations**

In September 2023, counsel for AMDL sent a cease-and-desist letter to Texas Toy Distribution, demanding that Texas Toy Distribution destroy and cease selling the challenged toys. (*Id.* at ¶ 59).  Texas Toy Distribution continued selling the toys.  (*Id.* at ¶ 60).  AMDL filed this suit in November 2023.

AMDL admits that each of the challenged toys "has a different colorway" than AMDL's corresponding toys.  (*Id.* at ¶¶ 38, 44, 50, 56).  However, AMDL contends that the challenged toys are "virtually identical" to, and have "the same copyrighted design, shape, and features," of their AMDL counterparts.  (*Id.* at ¶¶ 38, 39, 44, 45, 50, 51, 56, 57).  For each challenged toy, AMDL alleges that Texas Toy Distribution "intentionally and willfully used material protected by" AMDL's copyright registrations "to capitalize off the good will and creative works of AMDL." (*Id.* at ¶¶ 40, 46, 52, 58).

AMDL alleges copyright infringement under 17 U.S.C. § 501.  (*Id.* at ¶¶ 61–83).  AMDL seeks declaratory and injunctive relief, damages, and attorneys' fees.  (*Id.* at 17–18).

6

Texas Toy Distribution has moved to dismiss AMDL's complaint under Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry No. 12).  AMDL has responded, (Docket Entry No. 14), and Texas Toy Distribution has replied, (Docket Entry No. 19).

Based on the pleadings, the briefing, and the applicable law, the motion to dismiss is granted.  The reasons are set out below.

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic

7

deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.    Analysis**

Copyright law distinguishes "ideas" from "expression."  "[N]o author may copyright facts or ideas.  The copyright is limited to those aspects of the work—termed 'expression'—that display the stamp of the author's originality." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) (internal citation omitted).  "[I]deas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them." *Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003).  For example, "an eagle with talons extended to snatch a mouse; a grizzly bear clutching a salmon between its teeth; a butterfly emerging from its cocoon; a wolf howling at the full moon; [and] a jellyfish swimming through tropical waters" are not entitled to protection. *Id.*

Depictions of animals, like the stuffed creatures here, necessarily depict ideas "first expressed by nature."  Ideas linked by nature to the physiology of animals—like the inflatable skin flap under the jaw of a bearded dragon, the spiracles and bulbous abdomen of a honeybee, the long dorsal crest and hinge-jaw of an aquatic dinosaur, or the triangular head and stout tail of a gila monster—are entitled to no protection. *See id.* at 811; *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987).  To the extent AMDL's plush toys contribute some original expression to

8

these natural ideas, those expressions may be protected. For example, "[a]n artist may vary the pose, attitude, gesture, muscle structure, facial expression, coat, or texture of animal." *Satava*, 323 F.3d at 813. If these variations are distinct from the "physiognomy of [the animals] [and] from the nature of stuffed animals," they are entitled to protection. *Aliotti*, 831 F.2d at 901.[1]

The thrust of Texas Toy Distribution's motion to dismiss is that AMDL's complaint does not identify which aspects of its plush toys are original expressions, entitled to copyright protection, rather than just natural ideas, a part of the "common heritage of humankind." Translating this point into the two-element infringement framework, Texas Toy Distribution argues that AMDL has not plausibly alleged that (1) it owns valid copyrights on the plush toys, or (2) the protectable elements that Texas Toy Distribution has copied.

The court agrees with Texas Toy Distribution that AMDL's complaint does not identify protectable elements of its plush toys that have plausibly been copied by Texas Toy Distribution. AMDL has not produced its copyright applications or certificates issued by the United States Copyright Office, so the court cannot determine which aspects of its plush toys are covered by its copyrights. AMDL only generally alleges that the challenged toys have "the same copyrighted design, shape, and features" as AMDL's toys. This allegation is vague and conclusory and does

---

[1] The Ninth Circuit has distinguished between subject matter with "a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie)," and "a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas) . . . ." *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 914 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010). The Ninth Circuit has given the former "broad" copyright protection, under which "a work will infringe if it's 'substantially similar' to the copyrighted work." *Id.* And it has given the latter "thin" copyright protection, triggering infringement only when the works are "virtually identical." *Id.* In at least one case, this court has endorsed the Ninth Circuit's approach. *See Lennar Homes of Tex. Sales & Mktg., Ltd. v. Perry Homes, LLC*, 117 F. Supp. 3d 913, 935 (S.D. Tex. 2015), *judgment entered sub nom. Lennar Homes of Tex. Sales & Mktg. Ltd v. Perry Homes, LLC*, No. CIV.A. H-14-1094, 2015 WL 4638504 (S.D. Tex. July 24, 2015). At this stage, and for disposing of the present motion, it is unnecessary to decide whether and how the Ninth Circuit's broad-thin dichotomy applies.

not support a reasonable inference that AMDL's toys feature protectable expressions that were copied by Texas Toy Distribution.

ADML's complaint is dismissed. AMDL is granted leave to attempt to cure the pleading deficiencies identified in this opinion with an amended complaint.

**IV.     Conclusion**

The motion to dismiss is granted. (Docket Entry No. 12). AMDL may file an amended complaint no later than **May 24, 2024**.

SIGNED on May 8, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge